IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MORAN, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0813 |
| | § | |
| CEILING FANS DIRECT, INC., | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Stay District Court Proceedings Pending Interlocutory Appeal ("Motion to Stay") [Doc. # 33] filed by Defendant Ceiling Fans Direct, Inc. ("CFD"), to which Plaintiffs filed their Response [Doc. # 35]. Also pending is Plaintiffs' proposed Notice to Potential Class Members [Doc. # 31] and CFD's Objections [Doc. # 34] to Plaintiffs' proposal. For the reasons stated herein, the Court **denies** CFD's Motion to Stay and **sustains** CFD's Objections.

**I.    FACTUAL BACKGROUND**

Plaintiffs Jose Moran and Kelly Simmons filed this case alleging that they were due unpaid overtime compensation. Defendant moved to compel arbitration, asserting that Moran and Simmons had agreed to a proposed arbitration policy by continuing to work for CFD after the policy was presented. Plaintiffs then amended their complaint to add David Gollinger as a named Plaintiff. It is undisputed that Gollinger is not

subject to any arbitration agreement because he left CFD's employ before the arbitration policy was presented.

## II. **MOTION TO STAY**

By Memorandum and Order [Doc. # 27] entered August 25, 2006, the Court denied Defendant's Motion to Compel Arbitration, finding that CFD did not give its employees unequivocal notice that it was implementing an arbitration policy to which the employees agreed to be bound simply by returning to work the next day. The Court also found that the employees, particularly Moran and Simmons, communicated unequivocally to CFD that they did not accept the terms of the arbitration policy. CFD filed a notice of appeal [Doc. # 29].[1]

The Courts of Appeal that have decided whether a stay should issue pending appeal of the denial of a motion to compel arbitration have reached different conclusions. The Seventh Circuit held that a stay was appropriate as to the parties arguably subject to the arbitration agreement. *See Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997). The Eleventh Circuit also authorized a stay, holding that a stay was appropriate if the appeal

---

[1] Appellate review of the denial of a motion to compel arbitration is authorized by 9 U.S.C. § 16(a)(1)(A).

was not frivolous.  *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004).

On the other hand, the Ninth Circuit and the Second Circuit have held that an appeal from the denial of a motion to compel arbitration does not divest the district court of jurisdiction over matters not involved in the appeal.  *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990).

In this case, regardless of whether the matter should be stayed pending appeal as to whether Plaintiffs Moran and Simmons are bound by CFD's arbitration policy, there is no authority for staying David Gollinger's claims – individual and collective – pending an appeal that in no way relates to him or his claims.  As a result, the Motion to Stay all proceedings in this court until the appeal is concluded is denied.

### III.   PROPOSED NOTICE AND OBJECTIONS

CFD raises three objections to Plaintiffs' proposed Notice to Potential Class Members ("Notice").  First, CFD argues that the Notice should include language informing the proposed class of the pending appeal and its potential effect on the claims of those employees working for CFD after the arbitration policy was presented on December 28, 2005.  Next, CFD argues that the Notice should not include language indicating that any contact by proposed class members must be with Plaintiffs' counsel

rather than with an attorney of the employee's choice.  CFD's third argument is that the Notice should not inform the potential class definitively that they will "share in" any settlement reached in the case because the notice is being sent to all employees who worked for CFD from any time beginning March 9, 2003, and the claims of some of those employees may be time-barred.

The Court sustains each of the three objections.  The potential class needs to be aware that the pending appeal may have a significant impact on their claims, and that they may contact and discuss this matter with any attorney of their choosing.  Because some of the potential class members' claims may be time-barred even though they will receive the Notice, it must not appear that their ability to participate in any settlement is guaranteed.  Accordingly, counsel for Plaintiffs and Defendant are directed to prepare and submit to the Court a proposed Notice to Potential Class Members revised in accordance with this Memorandum and Order.

## IV. CONCLUSION AND ORDER

For the reasons stated herein, it is hereby

**ORDERED** that Defendant's Motion to Stay [Doc. # 33] is **DENIED**.  It is further

**ORDERED** that Defendant's Objections [Doc. # 34] to Plaintiffs' proposed Notice to Potential Class Members [Doc. # 31] are **SUSTAINED**.  Counsel are

directed to present to the Court by **October 16, 2006**, a proposed Notice to Potential Class Members consisted with this Memorandum and Order.

SIGNED at Houston, Texas, this **5th** day of **October, 2006**.

Nancy F. Atlas
United States District Judge