# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MORAN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0813 |
| | § | |
| CEILING FANS DIRECT, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment on Retaliation Claims ("Retaliation Motion") [Doc. # 70], the Motion for Partial Summary Judgment on Statute of Limitations Affirmative Defense ("Limitations Motion") [Doc. # 72], and the Motion to Strike Notices of Consent ("Motion to Strike") [Doc. # 76], all filed by Defendant Ceiling Fans Direct, Inc. ("CFD").  Plaintiffs filed a Response to the Retaliation Motion [Doc. # 81] and a combined Response to the Limitations Motion and the Motion to Strike [Doc. # 80].  CFD filed a Reply in connection with the Limitations Motion [Doc. # 83] and the Motion to Strike [Doc. # 84].  CFD did not, however, file a Reply in connection with the Retaliation Motion, and they did not request additional time to do so.  For the reasons stated herein, the Retaliation Motion is **denied**, the Limitations Motion is **granted** as to David Gollinger and **denied** as to Jose Moran and Kelly Simmons, and the Motion to Strike is **denied**.

I.   **FACTUAL BACKGROUND**

Plaintiffs Jose Moran and Kelly Simmons filed this lawsuit alleging that they were due unpaid overtime compensation and that CFD has retaliated against them for exercising their rights under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 215(a)(3).   Plaintiffs later amended their complaint to add David Gollinger as a named Plaintiff.

After the close of discovery, Defendant filed the pending motions.   In the Retaliation Motion, Defendant argues that Plaintiffs did not suffer an adverse employment action.   In the Limitations Motion, Defendant argues that Plaintiffs' claims are time-barred based on their failure to file written consents to participate in this collective action.   In the Motion to Strike, Defendant seeks to strike the Notices of Consent filed on October 8, 2007 by Moran [Doc. # 73] and Simmons [Doc. # 74], and on October 12, 2007 by Gollinger [Doc. # 75].   The motions have been briefed and are ripe for decision.

II.   **STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(c).   The

moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Authority*, 417 F.3d 495, 501 (5th Cir. 2005). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). *Id.* The court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

## III.   RETALIATION MOTION

Retaliation claims under the FLSA are analyzed under the *McDonnell Douglas* framework. *See Kanaida v. Gulf Coast Med. Personnel LP*, 353 F.3d 568, 577 (5th Cir. 2004). First, the plaintiff must establish a *prima facie* case of retaliation by showing that (1) he engaged in activity protected under the FLSA; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action. *See Aguirre v. SBC Communications, Inc.*, __ F. Supp. 2d __, 2007 WL 2900577, *26 (S.D. Tex. Sept. 30, 2007) (Rosenthal, J.). Defendant argues that Plaintiffs cannot establish a *prima facie* case of FLSA retaliation because they did not suffer an adverse employment action, citing *Conner v. Celanese, Ltd.*, 428 F. Supp. 2d 628, 638 (S.D. Tex. 2006) (citing *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 878 (5th Cir. 1999)).

A few months after the decision in *Conner*, the United States Supreme Court held that to prove an adverse employment action for purposes of a retaliation claim under Title VII, the plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, __ U.S. __, 126 S. Ct. 2405, 2415 (2006).[1]

In this case, Plaintiffs have presented the deposition testimony of Simmons and Moran. Plaintiffs' relate that, after they complained of FLSA violations, their supervisor at CFD frequently told them and other employees that he wished former FLSA lawsuit participants would die in a car wreck, referred to Plaintiffs derisively as "CFDon'ts" while employees who did not claim FLSA violations were favored as "CFDos," warned them that they should not "bite the hand that feeds" them, confronted them in the company parking lot, and threatened Moran that he would lose his job if he pursued this lawsuit. The supervisor also said that CFD would file bankruptcy and the FLSA lawsuit participants would not "get anything." Plaintiffs have also submitted a

---

[1]    Although *Burlington* involved a retaliation claim under Title VII rather than under the FLSA, "the retaliation provision of the FLSA uses language nearly identical to that of Title VII." *Jeter v. Montgomery Co.*, 480 F. Supp. 2d 1293, 1300 (M.D. Ala. 2007). Consequently, decisions interpreting Title VII are instructive in cases involving the FLSA. *See id.* (citing *Serapion v. Martinez*, 119 F.3d 982, 985 (1st Cir. 1997).

flyer dated April 14, 2006, placed on Plaintiff Moran's car.  The flyer, on CFD

letterhead to which only the office manager and the supervisor had access, stated that

anyone not happy with CFD's overtime rules should "use the exit door and do not

return" and that they were tired of dissatisfied employees' "whining."  This conduct by

Plaintiffs' supervisor raises a genuine issue of material fact regarding whether a

reasonable employee would have been dissuaded from making or supporting allegations

of FLSA violations.   As a result, summary judgment on the retaliation claim is

inappropriate and the Retaliation Motion is denied.

## IV.    MOTION TO STRIKE AND LIMITATIONS MOTION

On October 8, 2007, Plaintiffs Moran and Simmons filed Notices of Consent to

participate in this collective action.  *See* Docs. # 73 and # 74.  On October 12, 2007,

Plaintiff Gollinger filed a Notice of Consent.  *See* Doc. # 75.  Defendant has moved to

strike these Notices as untimely.[2]  In the Notice to Potential Class Members, the parties

advised the potential class members that the Consent form must be returned by

January 22, 2007.  *See* Docs. # 52 and # 53.

To the extent that the Court can extend the parties' deadline for receipt of

Notices of Consent only on a showing of good cause, the Court finds that good cause

---

[2]     Defendant also complains that the Notices contain Plaintiffs' home addresses in violation of
the Court's General Order No. 2004-11.  The complaint regarding a party's inclusion of his
own home address on a form that requests that information is meritless.

exists.  In the Rule 16 context, a Court determines whether good cause exists by considering four factors:  (1) the explanation for the untimely filing; (2) the importance of the filing;  (3) any potential prejudice in allowing the late filing;  and (4) the availability of a continuance to cure such prejudice.  *See Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  In this case, Moran and Simmons were named Plaintiffs when the case was originally filed in March 2006. Gollinger was added as a named Plaintiff when the First Amended Complaint was filed in April 2006.  The Notices were untimely because it was unclear whether a plaintiff who filed a FLSA lawsuit as the named party was required to file a Notice of Consent to join a lawsuit that he had himself filed.  Filing the Notices is vitally important because, as is discussed more fully below, the period during which the plaintiff can recover unpaid overtime is calculated from that date.  There is no prejudice to Defendant, other than having the named Plaintiffs remain in the case, because Defendant has known since April 27, 2006, that Moran, Simmons, and Gollinger all intended to participate in the lawsuit.  The Court finds that good cause exists to permit the Notices of Consent filed by Moran, Simmons, and Gollinger.  Defendant's Motion to Strike is denied.

The FLSA contains a two year statute of limitations (three years if the violation is willful).  *See* 29 U.S.C. § 255.  The limitations period is calculated based on § 256,

which provides that in a collective action, the action is "considered to be commenced in the case of any individual claimant –

    (a)    on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

    (b)    if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.  No individual claimant both is specifically named in the complaint and filed a written consent on the date the complaint was filed.  As a result, pursuant to § 256(b), the date this FLSA lawsuit is "considered to be commenced" for purposes of the statute of limitations, is the date the individual subsequently filed such written consent.

As to Moran and Simmons, the date is October 8, 2007.  Their claims are not time-barred, and they may recover any unpaid overtime for two years prior to October 8, 2007 (three years prior to October 8, 2007, if the violation is found to be willful).  As to Gollinger, it is undisputed that Gollinger's employment with CFD ended in June 2004, more than three years before he filed his Notice of Consent on October 12, 2007.  Consequently, Gollinger's claim is time-barred.

Plaintiffs' reliance on *Allen v. Atlantic Richfield Co.* is unavailing.  That case did not involve a collective action with named plaintiffs and opt-in plaintiffs such as the case currently before the Court.  Rather, *Allen* involved twenty-two named plaintiffs who jointly filed a case that "never evolved into a collective or class action."  724 F.2d 1131, 1135 (5th Cir. 1984).  Unlike in *Allen*, the plaintiffs here sought and obtained leave to send notice to current and former employees, some of whom in fact opted to join this collective action and filed consents in January 2007.

The Court finds good cause for allowing Moran, Simmons, and Gollinger to file their Notices of Consent after the January 22, 2007 deadline selected by counsel.  The FLSA claims filed by Moran and Simmons are not time-barred, although the period for which they can recover unpaid overtime wages is significantly reduced.  Gollinger's claim is barred by the applicable statute of limitations.  Accordingly, the Court denies the Motion to Strike.  The Limitations Motion is denied as to Moran and Simmons, but granted as to Gollinger.

## V.    CONCLUSION AND ORDER

For the reasons stated herein, it is hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment on Retaliation Claims [Doc. # 70] is **DENIED**, Defendant's Motion for Partial Summary Judgment on Statute of Limitations Affirmative Defense [Doc. # 72] in **GRANTED** as

to David Gollinger and **DENIED** as to Jose Moran and Kelly Simmons, and

Defendant's Motion to Strike Notices of Consent [Doc. # 76] is **DENIED**.

SIGNED at Houston, Texas, this **5th** day of **November, 2007**.

Nancy F. Atlas
United States District Judge