IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MORAN, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-0813 | |
| § | | |
| CEILING FANS DIRECT, INC., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Reconsideration [Doc. # 86] filed by Plaintiffs Jose Moran, Kelly Simmons, and David Gollinger. Plaintiffs seek reconsideration of the Court's Memorandum and Order [Doc. # 85] granting summary judgment to Defendant Ceiling Fans Direct, Inc. ("CFD") on the statute of limitations affirmative defense as to Gollinger and limiting the period of recovery as to Moran and Simmons.[1] Defendant filed its Response [Doc. # 87], and Plaintiffs neither filed a reply nor requested additional time to do so. Based on the Court's review of the full record and the governing legal authorities, the Motion for Reconsideration is **denied**.

---

[1] Although the Motion is filed by all three Plaintiffs and requests reconsideration of the Court's ruling as to the "three named plaintiffs based upon the statute of limitations," the affidavits upon which the Motion is based were filed by Moran and Simmons only, not by Gollinger.

I.	**FACTUAL BACKGROUND**

Plaintiffs Jose Moran and Kelly Simmons filed this lawsuit on March 9, 2006, alleging that they were due unpaid overtime compensation and that CFD had retaliated against them for exercising their rights under the Fair Labor Standards Act ("FLSA"). CFD filed a Motion to Compel Arbitration [Doc. # 3], asserting that Plaintiffs had entered into a binding arbitration agreement. On April 24, 2006, Moran and Simmons filed their Response to Defendant's Motion to Compel Arbitration ("Response") [Doc. # 6]. In support of the Response, Moran and Simmons filed affidavits describing the circumstances surrounding CFD's presentation of the arbitration agreement and CFD's alleged retaliation against them after this lawsuit was filed. *See* Simmons Affidavit, Exh. 1 to Response; Moran Affidavit, Exh. 2 to Response. Following an evidentiary hearing on August 22, 2006, the Court denied Defendant's Motion to Compel Arbitration. *See* Memorandum and Order [Doc. # 27].

After the close of discovery, Defendant filed a Motion for Partial Summary Judgment on Statute of Limitations Affirmative Defense ("Limitations Motion") [Doc. # 72], in which Defendant argued that Plaintiffs' claims were time-barred because they failed to file written consents to participate in this collective action. Plaintiffs argued that, as named Plaintiffs in the lawsuit, they were not required to file written consents for purposes of the FLSA's statute of limitations. The Court granted the Limitations

Motion as to Gollinger and limited the claims of Moran and Simmons to the two-year period prior to October 8, 2007[2] (three years if the violation is found to be willful).  *See* Memorandum and Order [Doc. # 85], p. 7.

Plaintiffs filed their Motion for Reconsideration, arguing for the first time that the affidavits filed by Moran and Simmons on April 24, 2006 in response to the Motion to Compel Arbitration constituted written consent for FLSA statute of limitations purposes.  The Motion for Reconsideration is now ripe for decision.

## II.    ANALYSIS

A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  "Evidence that was available to a party at the time of the decision being challenged, but was not timely submitted, does not ordinarily qualify as newly-discovered evidence."  *Becerra v. Asher*, 921 F. Supp. 1538, 1548 (S.D. Tex. 1996), *aff'd*, 105 F.3d 1042 (5th Cir. 1997).  Motions for reconsideration "may not be used to rehash rejected arguments or introduce new arguments."  *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir.), *cert. denied*, 543 U.S. 976 (2004).

---

[2]   Moran and Simmons filed written consents on October 8, 2007.  *See* Notice of Consent of Jose Moran [Doc. # 73]; Notice of Consent of Kelly Simmons [Doc. # 74].

"A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." *Chauvin v. State Farm Mut. Auto. Ins. Co.*, __ F.3d __, 2007 WL 4365387, *1 (E.D. La. Dec. 11, 2007); *see also Templet*, 367 F.3d at 479.

In this case, Plaintiffs do not offer any explanation for not presenting their argument regarding the April 24, 2006, affidavits in their Response to the Limitations Motion. Plaintiffs clearly were aware of the affidavits, having signed and filed them. As is noted above, a Motion for Reconsideration may not be used to raise arguments that could have been made before or to argue a new legal theory. *See id.* at 478. On this basis, Plaintiffs' Motion for Reconsideration is denied.

Moreover, the affidavits do not satisfy the FLSA requirement of a written consent for statute of limitations purposes. Under the FLSA, an employee may bring an action on behalf of similarly situated employees who must opt-in to the suit by filing written consents with the district court. *See* 29 U.S.C.A. § 216(b) ("An action to recover [unpaid overtime] . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed."). Section 256 of the FLSA contains explicit language regarding when a collective action is "commenced" for purposes of the statute of limitations. In a collective action, which

is a separate form of suit from a case with purely individual claims, a "written consent" must be filed by each claimant. *See* 29 U.S.C. § 256. When a written consent has been filed by a person named in the complaint at the time the case is filed, the limitations period for the proposed plaintiff begins on the date "written consent is filed [by the plaintiff] in the court in which the action was commenced." 29 U.S.C. § 256(b).[3] "Until a plaintiff, even a named plaintiff, has filed a written consent, [ ]he has not joined in the class action, at least for statute of limitations purposes." *Songu-Mbriwa v. Davis Memorial Goodwill Indus.,* 144 F.R.D. 1, 2 (D.D.C.1992). Each claimant's "action is commenced on the date on which his or her consent is filed with the court." *In re Food Lion, Inc.*, 1998 WL 322682, *13 (4th Cir. 1998) (citing *Kuhn v. Philadelphia Elec. Co.*, 487 F. Supp. 976 (E.D. Pa. 1980), *aff'd*, 745 F.2d 47 (3rd Cir. 1984)).

"The purpose of the consent forms is 'to make . . . uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced.'" *Lee v. Vance Executive Protection, Inc.*, 7 F. App'x 160, 167 (4th Cir. 2001) (quoting *Deley v. Atlantic Box & Lumber Corp.*, 119 F. Supp. 727, 728 (D.N.J. 1954)). "Otherwise, one employee could sue on behalf of similarly

---

[3] If a person is named in the complaint as a party plaintiff and files with the court "his written consent to become a party plaintiff," then the action is deemed commenced "on the date when the complaint is filed." 29 U.S.C. § 256(a).

situated employees 'without the specific rights of the others ever being actually considered.'" *Id.* (quoting *Deley*, 119 F. Supp. at 728).  Further, "[t]he consent form requirement clearly enures to the benefit of employers by making them aware of what allegations they face and from whom the allegations originate." *Lee*, 7 F. App'x at 167.

The affidavits filed by Moran and Simmons in response to Defendant's Motion to Compel Arbitration, however, state only that they "filed this lawsuit against Ceiling Fans Direct, Inc. only after it became apparent . . . that the company had no intentions of cooperating [with] the Department of Labor and paying us for our unpaid overtime." *See* Simmons Affidavit, Exh. 1 to Response; Moran Affidavit, Exh. 2 to Response.  Moran and Simmons were both named Plaintiffs in the original complaint and there is nothing in their affidavits indicating their written consent to participate in a collective action rather than pursue individual claims.  Indeed, Moran and Simmons each filed a "Notice of Consent" on October 8, 2007, stating unequivocally for the first time that they "want to join this collection action lawsuit." *See* Notice of Consent of Jose Moran [Doc. # 73]; Notice of Consent of Kelly Simmons [Doc. # 74].  The affidavits do not constitute written notice of Moran and Simmons's consent to participate as plaintiffs in a collective action under the FLSA.  This Court cannot ignore the clear language of the statute.  Accordingly, their Motion for Reconsideration based on the affidavits is denied on the merits.

### III.     CONCLUSION AND ORDER

Plaintiffs' Motion for Reconsideration is an attempt to present arguments that should have been presented in response to Defendant's Limitations Motion and, as such, is an improper basis for reconsideration.  Moreover, the affidavits on which Moran and Simmons rely in their Motion for Reconsideration do not constitute written consents for purposes of the FLSA statute of limitations.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 86] is **DENIED**.

SIGNED at Houston, Texas, this **8th** day of **January, 2008**.

_____
Nancy F. Atlas
United States District Judge